IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TEDRA CRAWFORD                                                   PETITIONER

v.                                                        No. 1:18CV212-SA-RP

STATE OF MISSISSIPPI                                            RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Tedra Crawford for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as procedurally defaulted and for failure to exhaust state remedies. Crawford has responded to the motion, and the State has replied. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the petition will be dismissed under the doctrine of procedural default and for failure to exhaust state remedies.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2254**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

On November 21, 2017, Crawford pled guilty to robbery in Oktibbeha County Circuit Court, Cause No. 2016-0133-CRH. Exhibit A[1] (Plea Petition); Exhibit B (Transcript). The circuit court sentenced Crawford to serve fifteen (15) years in the custody of the Mississippi Department of Corrections (MDOC), with five years suspended and an additional five years of post-release supervision. Exhibit C (Sentencing Order); *see also* Exhibit B. As such, Crawford is currently lawfully in the custody of the MDOC and housed at Central Mississippi Correctional Facility in Pearl, Mississippi.

In the instant petition Crawford argues that she has "an extensive mental health record" and "was supposed to be taking medication [at] the time and was not fully aware of the situation

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion [12] to dismiss.

that was happening [at] the time." ECF doc. 1, p. 6. In her "Post-Conviction Relief Motion for Sentence Reconsideration," which was docketed in this matter as a "Supplement" to her Petition, Crawford further states that she "suffers from severe and debilitating mental illness[es] which includes documented schizophrenia, bi-polar disorder and other disassociative diagnosis." ECF doc. 8, p. 4.

Ms. Crawford states that she could not have given a willing, knowing, voluntary, or intelligent plea. *Id*. She also alleges ineffective assistance of counsel for her trial counsel's alleged failure to "properly notify the District Attorney's office, and the court, to how severe the Petitioner's diagnosis is." *Id*. She requests that the court examine her sentence and consider referring her for drug therapy and mental health counseling. *Id*. at 5.

Ms. Crawford sent a letter, dated August 9, 2018, to the circuit court judge requesting parole consideration, which was stamped as "filed" in the Oktibbeha County Circuit Court on August 31, 2018. The circuit court denied that request on October 16, 2018. Exhibit D (Letter and Order). Ms. Crawford then signed her "Post-Conviction Relief Motion for Sentence Reconsideration" (the "PCR motion") on November 30, 2018, which was stamped as "filed" on December 27, 2018, in Oktibbeha County Circuit Court Cause No. 2018-0375-CVH. Exhibit E (PCR motion and Docket). In the PCR application, Ms. Crawford raised similar issues to those she raises in the instant petition, including claims regarding her competence to plead guilty and counsel's decision not to raise before the court the issue of her severe mental state. *Id*. The circuit court dismissed Crawford's PCR motion, without a hearing, in an Order dated February 11, 2019, holding her claims to be without merit and noting that the "[c]ourt held a competency hearing at which the Petitioner was found competent to stand trial. In making this determination,

the [c]ourt considered a report from the State Mental Hospital[.]" Exhibit F. Ms. Crawford did not file a notice of appeal (*see* Exhibit E), and the Mississippi Supreme Court's docket, as available on that court's official website, reflects that she has not filed any pleadings in that court, as of the date the State filed the instant motion to dismiss.

## The Doctrines of Procedural Default and Procedural Bar

Ms. Crawford's petition is barred under the doctrine of procedural default. If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, ––– U.S. ––––, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*.

A state procedural rule is "independent" when the state law ground for decision is not "interwoven with the federal law." *Michigan v. Long*, 463 U.S. 1032, 1040, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). A state law ground is interwoven with federal law if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the

determination of whether federal constitutional error has been committed." *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985); *see also* State court decision must not be interwoven with federal law, Federal Habeas Manual § 9B:24.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of [her] appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way she may overcome these barriers is the same. First, she can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to her) existed to prevent her from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for her default and prejudice from its application, she may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as

a factual matter, that she did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, she must support her allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted [her] in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

Section 28 U.S.C. § 2254, as amended, provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
> –
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, § 2254(c) provides as follows:

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if [she] has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c). Petitioners seeking federal *habeas corpus* relief under § 2254 "are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement, a federal *habeas corpus* petitioner must generally present her claims to the state's highest court in a procedurally proper manner and provide the highest state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526

U.S. 838 (1999); *see also Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982); *see also Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

As stated above, Ms. Crawford did not appeal the circuit court's denial of her PCR motion before the state law deadline. *See* Miss. R. App. P. 4. As such, she has not properly presented her claims to the Mississippi Supreme Court. She cannot satisfy the exhaustion requirement until she has provided the Mississippi Supreme Court an opportunity to rule upon her claims in a procedurally proper manner. This failure to exhaust available state court remedies, alone, warrants dismissal of the instant federal *habeas corpus* Petition. *See* 28 U.S.C. §2254(b)(1) and (c), *supra*.

As Ms. Crawford missed the state deadline for appealing the denial of her PCR motion, she is unable to exhaust her state court remedies and cannot do so now. As such, her federal *habeas corpus* claim is procedurally defaulted. As stated above, the dockets of Oktibbeha County Circuit Court Cause No. 2018-0375-CVH and the Mississippi Supreme Court do not reflect that she has filed a notice of appeal from the circuit court's order denying her PCR motion, and the time for doing so has passed. *See* Miss. R. App. P. 4(a) (a notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.") Further, as discussed above, Ms. Crawford filed her PCR motion in the trial court, which denied the motion, and any future PCR motion filed by Crawford would be barred as a successive writ. *See* Miss. Code Ann. § 99-39-23(6) ("any order dismissing the petitioner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article."); *see also Sneed v. State*, 722 So. 2d 1255, 1256 (Miss. 1998); *Buice $_2$ v. State*, 751 So. 2d 1171

(Miss. Ct. App. 1999), *reh'g denied*, Feb. 8, 2000. As such, this court may not review Ms. Crawford's claims, and the instant petition will be dismissed with prejudice as procedurally defaulted. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Ms. Crawford has defaulted the claims raised in her petition, precluding federal *habeas corpus* review – unless she demonstrates either cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722 (1991); *see also Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001). Mississippi courts (trial and appellate) strictly and regularly follow the successive petition bar. The burden is on Crawford to demonstrate otherwise, and Crawford has not done so. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Sones*, 61 F.3d at 416; *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). Indeed, Mississippi Code Ann. § 99-39-23(6) is an independent and adequate state bar. *See Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998); *see also Lott v. Hargett*, 80 F.3d 161, 164-65 (5th Cir. 1996). The Fifth Circuit has held that this provision of the Mississippi Code is an independent and adequate state bar in *Maurice Chancellor v. State of Mississippi, et al.*, 129 Fed. Appx. 878 (5th Cir. 2005).

For these reasons, Ms. Crawford has not shown cause for her default, as she has not shown that "something *external* to the [her], something that cannot fairly be attributed to [her]" led to her failure to seek an appeal. *Coleman*, 501 U.S. at 753 (emphasis in original); *see also United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Examples of objective factors which have been found to constitute cause to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to

[petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). Crawford has not identified an external impediment which prevented her from properly raising her claims in state court.

Although Ms. Crawford was proceeding *pro se*, she and the other inmates in MDOC custody, have access to legal assistance, case law and other legal materials during their incarceration. *See e.g., Antonio Neal v. Bradley*, 2006 WL 2796404 (N.D. Miss. September 25, 2006). Ms. Crawford filed the instant petition *pro se* and clearly set forth her grounds for relief. She could have filed an appeal once her claims were denied by the trial court, but chose not to. Thus, she has not shown "cause" to overcome the procedural bar in this case. Absent a showing of "cause," it is unnecessary for this court to consider whether there is actual prejudice. *Martin*, 98 F.3d at 849.

In addition, there will be no "fundamental miscarriage of justice" if this court does not consider the merits of Crawford's claims. The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that [she] did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Ms. Crawford has not produced any new, reliable evidence in this court to show that she is entitled to the relief requested, particularly in light of her plea of guilty to the charge. The facts of the present case do not establish that a fundamental miscarriage of justice would result if the court chooses not to consider Ms. Crawford's claims on the merits.

## Conclusion

For the reasons set forth above, the motion by the State to dismiss the instant petition for a writ of *habeas corpus* will be granted, and the petition will be dismissed both as procedurally defaulted and for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 17th day of March, 2020.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE